In re ROBBINS.

(District Court, S. D. Florida. October 12, 1923.)

No. 2463.

1. Bankruptcy ⚖⇒400(4)—That property set aside as exempt is not listed at true value held valid objection to trustee's report.

It is a valid objection to a trustee's report that bankrupt's property, listed to be set aside as exempt, is not listed at its true value.

2. Bankruptcy ⚖⇒400(4)—That purchase price of property set aside as exempt has not been paid is valid objection.

It is a valid objection to a trustee's report that the purchase price of property set aside as exempt has not been paid.

3. Bankruptcy ⚖⇒400(4)—Verification of exceptions to trustee's report permitted at hearing of motion to strike out exceptions.

The court will permit a verification, as required by Bankruptcy Act, § 18c (Comp. St. § 9602), of the exceptions to the trustee's report at the hearing of a motion to strike out the exceptions because they were not verified.

4. Bankruptcy ⚖⇒400(4)—Motion to strike out exceptions considered, though bankrupt attempted to induce excepting creditors to withdraw exceptions.

A bankrupt is entitled to have a motion to strike out the exceptions to the trustee's report ruled on, though he was implicated in an effort to induce the excepting creditors to withdraw their exceptions.

In Bankruptcy. In the matter of Saul Robbins, bankrupt. On petition to review a ruling of the referee. Petition granted, with instructions.

Altman & Morrow, of Tampa, Fla., for objecting creditors.
Schelle Maines, of Sanford, Fla., for bankrupt.

CALL, District Judge. This matter comes on for a hearing upon the petition of the bankrupt to review the ruling of the referee, made on the 20th day of April, 1923. The bankrupt was adjudicated February 10, 1923, and in his schedules claims the exemption of $1,000 allowed by the Constitution of Florida to the head of a family residing in the state. A trustee was duly appointed, and on March 1st filed his report with the referee, setting apart to the bankrupt personal property valued at $999.27. On March 21st exceptions were filed by one of the creditors to such report.

[1, 2] There are nine grounds of objection. Two, the fifth and sixth, if sustained by the evidence, would be good. The others I do not believe would, if true, deprive the bankrupt of the exemption under the Constitution and laws of Florida. These two are as follows:

"(5) That property listed to be set aside as exempt is not listed at its true value.
"(6) That the purchase price of said property has not been paid."

[3] On March 14th the bankrupt filed a motion to strike said exceptions. The fourth ground of said motion is that said exceptions are not verified. I presume that this ground is based upon clause (c) of section 18 of the Bankruptcy Act (Comp. St. § 9602). There is an interesting discussion of the question here involved in Re Campbell, 10 Am. Bankr. R. 730.

There are cases holding that exceptions to the trustee's report setting aside exemptions are pleadings, and, if such exceptions are based upon statements of fact requiring evidence to prove them, in view of clause (c), section 18, of the Bankruptcy Act, such exceptions should be verified. But as in the case of other pleadings the courts would permit such verification at the hearing of the motion to dismiss on that ground.

[4] I gather from the record before me that the referee refused to pass upon this motion on the theory that the bankrupt was implicated in an effort to induce the excepting creditor to withdraw their exceptions. Should this be the case, yet the bankrupt is entitled to have his motion ruled upon. This it seems to me is clearly the duty of the referee, to either grant or deny the motion.

Some point was made before that the exceptions came too late, but this I do not think well taken. General Order XVII (89 Fed. viii, 32 C. C. A. viii) allows 20 days in which a creditor may except to the trustee's report, and this was done in this case.

The petition to review will be granted, with instructions to the referee to hear and determine the bankrupt's motion to strike, and, if such motion is denied, to proceed to hear evidence and determine whether grounds 5 and 6 of the exceptions, or either of them, are sustained.